FUENTES, Circuit Judge,
concurring:
Today we affirm the District Court’s ruling, which concluded that “the right of access applies to the Delaware proceeding created by section 349 of the Delaware Code.” Del. Coal, for Open Gov’t v. Strine, 894 F.Supp.2d 493, 504 (D.Del.2012). Specifically, the District Court held that “the portions of [section 349] and [of] Chancery Court Rules 96, 97, and 98, which make the proceeding confidential, violate that right.” Id. I agree. I write separately because, given that not all provisions of § 349 of the Delaware Code or the Chancery Court Rules relating to Judge-run arbitration proceedings are unconstitutional, I think it is necessary to be more specific than the District Court’s order in pointing out those that are problematic and those that are not.
I begin with § 349(b), which provides for the confidentiality in arbitration proceedings for business disputes. This section states that:
Arbitration proceedings shall be considered confidential and not of public record until such time, if any, as the proceedings are the subject of an appeal. In the case of an appeal, the record shall be filed by the parties with the Supreme Court in accordance with its rules, and to the extent applicable, the rules of the Court of Chancery.
Del.Code Ann., tit. 10, § 349(b).
I agree with Judge Sloviter that this provision violates the First Amendment right of public access and cannot stand. However, I see nothing wrong with the other provisions of this statute. I do not believe that § 349(a), granting the Chancery Court the power to arbitrate business disputes, or § 349(c), providing for the filing of “applications to vacate, stay, or enforce an [arbitral] order” with the Delaware Supreme Court, violate the public right of access when § 349(b) is removed from the statutory scheme.
Similarly, not all provision of the Court of Chancery Court Rules implementing § 349 arbitrations raise constitutional concerns. Chancery Court Rule 97(a)(4) provides:
“The Register in Chancery will not include the petition [for arbitration] as part of the public docketing system. The petition and any supporting documents are considered confidential and not part of public record until such time, if any, as the proceedings are the subject of an appeal. In the case of an appeal, the record shall be filed by the parties with the Supreme Court in accordance with its Rules, and to the extent applicable, the Rules of this Court.”
Chancery Court Rule 98(b) likewise provides that:
*522 “Arbitration hearings are private proceedings such that only parties and their representatives may attend, unless all parties agree otherwise. An Arbitrator may not be compelled to testify in any judicial or administrative proceeding concerning any matter relating to service as an Arbitrator. All memoranda and work product contained in the case files of an Arbitrator are confidential. Any communication made in or in connection with the arbitration that relates to the controversy being arbitrated, whether made to the Arbitrator or a party, or to any person if made at an arbitration hearing, is confidential. Such confidential materials and communications are not subject to disclosure in any judicial or administrative proceeding with the following exceptions: (1) where all parties to the arbitration agree in writing to waive the confidentiality, or (2) where the confidential materials and communications consist of statements, memoranda, materials, and other tangible evidence otherwise subject to discovery, which were not prepared specifically for use in the arbitration hearing.
Again, I agree with Judge Sloviter that these provisions violate the First Amendment, but I do not find any problem with the remainder of the Chancery Court Rules implementing the § 349 arbitrations. Chancery Court Rule 96, containing certain definitions, is in my view constitutional in its entirety. Similarly, the remaining portions of Rules 97 and 98, which provide for the scope of arbitration, the proper procedures for an arbitration, and the logistics of hearings and dispute resolution, pass constitutional muster when Rules 97(a)(4) and 98(b) are excised from the law.
“The unconstitutionality of a part of an Act does not necessarily defeat or affect the validity of its remaining provisions.” Champlin Ref. Co. v. Corp. Comm’n of Okla., 286 U.S. 210, 234, 52 S.Ct. 559, 76 L.Ed. 1062 (1932). It is well-settled that we must “refrain from invalidating more of a statute than is necessary.” Regan v. Time, Inc., 468 U.S. 641, 652, 104 S.Ct. 3262, 82 L.Ed.2d 487 (1984). Even when construing state laws “[w]e prefer ... to enjoin only the unconstitutional applications of [a] statute while leaving other applications in force, or to sever its problematic portions.” Ayotte v. Planned Parenthood of Northern New England, 546 U.S. 320, 328-29, 126 S.Ct. 961, 163 L.Ed.2d 812 (2006) (internal citation omitted).
The crux of today’s holding is that the proceedings set up by § 349 violate the First Amendment because they are conducted outside the public view, not because of any problem otherwise inherent in a Judge-run arbitration scheme. Thus, Appellants are enjoined only from conducting arbitrations pursuant to § 349(b) of Title 10 of the Delaware Code or Rules 97(a)(4) and 98(b) of the Delaware Chancery Court. Nothing in today’s decision should be construed to prevent sitting Judges of the Court of Chancery from engaging in arbitrations without those confidentiality provisions.
Appellants suggest that Judge-run arbitrations will not occur under § 349 unless they are conducted in private. This may be so, but neither Appellants nor the Delaware Legislature have presented us with an alternative confidential arbitration scheme sufficiently devoid of the air of official State-run proceeding that infects the system now before us, sufficient to pass constitutional muster. Nor have they otherwise suggested that we attempt to sever offending portions of the statute to construct such an alternative. Thus, we have no occasion to consider if different arbitration schemes pass constitutional muster, and we are left with no choice *523 other than to sever the confidentiality provisions. See generally Alaska Airlines v. Brock, 480 U.S. 678, 685, 107 S.Ct. 1476, 94 L.Ed.2d 661 (1987) (explaining that a court may not sever a portion of a law unless it can conclude that “the statute created in its absence is legislation that [the Legislature] would ... have enacted”).
Appellants only severability argument is a very limited one, that invalidating the self-executing aspect of the arbitral awards, Del. Ch. R. 98(f)(3), is enough to cure any constitutional infirmity. But as Appellants themselves describe it, the procedure contemplated in Rule 98(f)(3) is merely “a matter of convenience.” Appellants’ Reply Br. at 28. It eliminates the need to file the arbitral award in court, a step that is only significant if a party refuses to abide by an arbitrator’s award, a rarely occurring contingency. For essentially the reasons stated in Judge Sloviter’s opinion, the mere formality of filing that award in Court, which Rule 98(f)(3) skirts, does not alone alter the First Amendment right of access calculus one way or another.
But I reiterate that we do not express any view regarding the constitutionality of a law that may allow sitting Judges to conduct private arbitrations if the system set up by such a law varies in certain respects from the scheme before us today. Indeed, it is likely that the Delaware Legislature has at its disposal several alternatives should it wish to continue to pursue a scheme of Judge-run arbitrations.
With this understanding of the scope of today’s decision, I join in Judge Sloviter’s opinion and concur in the judgment.